UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN KAILIN, as parent and next friend of ETHAN KAILIN, a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 19 C 4703 |
| v. | ) ) | Judge Sara L. Ellis |
| JACK METCALF, UNIDENTIFIED OFFICERS, and CITY OF GURNEE, | ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

Plaintiff Steven Kailin ("Steven"), as parent and next friend of Ethan Kailin ("Ethan"), a minor, filed a four-count complaint against Defendants Jack Metcalf, Unidentified Officers, and the Village of Gurnee (the "Village") after Metcalf ordered Ethan to perform community service at his high school.[1] Steven brings claims for illegal seizure and illegal detention in violation of the Fourth Amendment and for violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Additionally, Steven seeks to hold the Village liable for Metcalf's actions on *respondeat superior* and indemnification grounds. Defendants ask this Court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Steven effectively concedes that his complaint does not plausibly allege a seizure or detention, so the

---

[1] Steven improperly named the Village of Gurnee as the City of Gurnee. Steven has also named Unidentified Officers as Defendants. Because the issues raised in Metcalf and the Village's motion to dismiss apply equally to the Unidentified Officers and Steven had an adequate opportunity to respond, the Court extends consideration of Metcalf and the Village's arguments to include the Unidentified Officers. *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 2011) (court may *sua sponte* enter judgment in favor of additional non-moving defendants if motion by one defendant is equally effective in barring claim against other defendants and plaintiff had adequate opportunity to respond to the motion); *Roberts v. Cendent Mortg. Corp.*, No. 1:11-CV-01438-JMS, 2013 WL 2467996, at *5 (S.D. Ind. June 7, 2013) (although the defendants had not entered appearances and it was not clear if they had been served, court could impute arguments made by other defendant to all of them and dismiss claims against all defendants).

Court dismisses the Fourth Amendment claims. Because the dismissal of these claims means no underlying claims remain against Metcalf and the Court cannot hold the Village liable on a *respondeat superior* theory regarding the Fourth Amendment claims, the Court dismisses the *respondeat superior* and indemnification claims against the Village. But because Steven has sufficiently alleged facts to support his ADA claim, the Court allows this claim to proceed.

## BACKGROUND[2]

In September 2017, Ethan, at the time a fifteen-year-old student diagnosed with and suffering from autism, attended Warren Township High School ("Warren Township") in Gurnee, Illinois. At Warren Township, he had an individualized educational plan ("IEP"). Metcalf, a police officer with the Gurnee Police Department, worked as a resource officer at Warren Township. Metcalf knew of Ethan's autism and IEP.

On September 13, 2017, Metcalf ordered Steven, through a show of authority and threats, to bring Ethan to Warren Township. Ethan was not committing any crimes at the time. When Ethan arrived at Warren Township, Metcalf required Ethan to perform community service while Metcalf maintained watch over him. Despite Ethan's autism disability, Metcalf refused to allow Ethan's parents to be present while Ethan performed the community service.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive

---

[2] The facts in the background section are taken from the complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

2

a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Illegal Seizure and Detention Claims (Counts I and II)

Defendants first seek dismissal of the illegal seizure and detention claims, arguing that Metcalf's actions did not restrain Ethan's freedom so as to amount to a seizure or detention. Defendants also argue that Steven failed to sufficiently allege that Metcalf lacked probable cause to seize and detain Ethan or, alternatively, that under the facts alleged, qualified immunity protects Metcalf from Steven's Fourth Amendment claims.

The Fourth Amendment prohibits unreasonable searches and seizures.[3] U.S. Const. amend. IV. Not all interactions with police officers amount to a "seizure," however, with a seizure occurring when an officer restrains the liberty of a citizen through "means of physical force or show of authority." *Florida v. Bostick*, 501 U.S. 429, 434 (1991) (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968)). In other words, a seizure occurs if, in view of all of the

---

[3] The Fourth Amendment extends to searches and seizures of students at public schools. *See New Jersey v. T.L.O.*, 469 U.S. 325, 341–42 (1985); *Wallace by Wallace v. Batavia Sch. Dist. 101*, 68 F.3d 1010, 1012 (7th Cir. 1995). "[I]n the context of a public school, a teacher or administrator who seizes a student does so in violation of the Fourth Amendment only when the restriction of liberty is unreasonable under the circumstances then existing and apparent." *Wallace*, 68 F.3d at 1014. Under this relaxed standard, a teacher may take "reasonable action" to "maintain order and discipline," which "may certainly include the seizure of a student in the face of provocative or disruptive behavior." *Id.* Defendants do not argue that the Fourth Amendment standard applicable in school settings should apply here, and without further information as to whether Metcalf, as the school resource officer, is entitled to application of this standard, the Court considers Steven's claims under the traditional Fourth Amendment analysis. *Cf. Wilson v. Cahokia Sch. Dist. No. 187*, 470 F. Supp. 2d 897, 910 (S.D. Ill. 2007) ("[A] search of a student on school grounds by a school resource officer at the request of school officials should be deemed a search by a school employee for Fourth Amendment purposes and thus is subject to the reasonableness standard, not the probable cause standard.").

3

circumstances, a reasonable person would not feel free to leave. *United States v. Clements*, 522 F.3d 790, 794 (7th Cir. 2008); *see also I.N.S. v. Delgado*, 466 U.S. 210, 215 (1984) ("[A]n initially consensual encounter between a police officer and a citizen can be transformed into a seizure or detention within the meaning of the Fourth Amendment, 'if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980))). Some circumstances suggesting a seizure include "the threatening presence of several officers, display of their weapons, physical touching of the private citizen, use of forceful language or tone of voice (indicating that compliance with the officers' request might be compelled), and the location in which the encounter takes place." *Clements*, 522 F.3d at 794.

Defendants argue that Steven's allegations do not establish that Metcalf seized or detained Ethan to give rise to a Fourth Amendment claim. Steven fails to address this argument, effectively conceding that he has not sufficiently alleged a seizure or detention. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011) (the court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel"); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Indeed, the details of the interactions among Metcalf, Steven, and Ethan are rather conclusory. Even drawing all inferences in Steven's favor, the allegations suggest only that Steven voluntarily brought Ethan to Warren Township in response to Metcalf's order that Ethan report for community service. *See Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 200 (7th Cir. 1985) (officers did not seize or detain a plaintiff who appeared at a police station in response to a phone call from an officer who indicated he would obtain an arrest warrant if the plaintiff did not appear at the police station). Nothing suggests that Metcalf's order rose to the level of an

arrest warrant, which "constitutionally implicate[s] an individual's future freedom of movement or liberty." *Caldwell v. Jones*, 513 F. Supp. 2d 1000, 1009 (N.D. Ind. 2007) (contrasting *Rodgers*, where no arrest warrant had been issued, with other cases holding "that voluntary surrender in response to an arrest warrant is the equivalent of a seizure under the Fourth Amendment"). Under the circumstances alleged in the complaint, Metcalf's order that Steven bring Ethan to Warren Township and Ethan's subsequent presence at the school to perform community service do not give rise to a Fourth Amendment seizure or detention. *See Rodgers*, 771 F.2d at 200; *Caldwell*, 513 F. Supp. 2d at 1010–11 (dismissing Fourth Amendment claims where the plaintiff did not allege that he "was under threat of seizure or detention had he refused or failed to appear at the administrative hearing, and there was no restraint on [his] freedom of movement"). Therefore, the Court dismisses Steven's Fourth Amendment claims without prejudice.[4]

## II. ADA Claim (Count III)

The Village also argues that Steven has failed to sufficiently plead a claim for discrimination in violation of Title II of the ADA. To state a claim under Title II of the ADA, Steven must allege that: (1) Ethan is a "qualified individual with a disability;" (2) the Village denied Ethan "the benefits of the services, programs, or activities of a public entity;" and (3) Ethan was discriminated against "by reason of" his disability. *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir. 1996) (quoting 42 U.S.C. § 12132). Steven may establish discrimination in one of three ways: "(1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's

---

[4] Because the Court dismisses these claims based on Steven's failure to address the existence of a seizure or detention and the complaint's conclusory allegations that do not suggest that Metcalf seized or detained Ethan, the Court does not address Defendants' alternative arguments for dismissal.

rule disproportionally impacts disabled people." *Washington v. Ind. High Sch. Athletic Ass'n, Inc.*, 181 F.3d 840, 847 (7th Cir. 1999).

The Village first argues that Steven has not sufficiently alleged that Ethan is a qualified individual with a disability. The ADA defines a disability as (1) a "physical or mental impairment that substantially limits one or more major life activities," (2) a record of a disability, or (3) being regarded as having an impairment. 42 U.S.C. § 12102(1). Steven alleges that Ethan has diagnosed autism and follows an IEP at his high school, suggesting substantial limitations in his ability to learn, think, and communicate. *See Leskovisek v. Ill. Dep't of Transp.*, 305 F. Supp. 3d 925, 934 (C.D. Ill. 2018) (students with autism sufficiently alleged disability under the ADA); *Leibel v. City of Buckeye*, 364 F. Supp. 3d 1027, 1041 (D. Ariz. 2019) (allegations that the plaintiff had an autism spectrum disorder that affected communication and behavior sufficed to allege a disability under the ADA). While Steven has alleged enough to satisfy this element at the pleading stage, the Village may revisit the issue on a motion for summary judgment if discovery reveals that Ethan's autism does not fall under the purview of the ADA. *See Merry v. A. Sulka & Co.*, 953 F. Supp. 922, 925–26 (N.D. Ill. 1997) ("[T]he determination of whether or not a person has an ADA 'disability' is to be made on an individualized case-by-case basis.").

As for the remaining elements, Steven sufficiently alleges that the Village refused to accommodate Ethan's disability to allow his parents to be present while Ethan performed community service at Warren Township. The Village does contend that Steven has not identified the "services, programs, or activities" that the Village provided, but the complaint includes allegations that could allow the inference that the Village provided the community service program that Metcalf oversaw.[5] *See* 28 C.F.R. § 35.102 (ADA regulations provide that

---

[5] Although some question may exist as to whether the Village is the appropriate defendant for this claim, the Village does not make such an argument and so the Court leaves it for another day.

Title II applies "to all services, programs, and activities provided or made available by public entities"); *Ashby v. Warrick Cty. Sch. Corp.*, 908 F.3d 225, 231, 234 (7th Cir. 2018) (noting the breadth of the ADA and the phrase "services, programs, or activities"). And Steven has sufficiently pleaded that the Village refused to provide a reasonable accommodation for Ethan while he performed community service. *See Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 751 (7th Cir. 2006) ("[F]ailure to accommodate is an *independent* basis for liability under the ADA."). Therefore, the Court will allow Steven to proceed with his ADA claim.

**III.** *Respondeat Superior* **and Indemnification Claims (Counts IV and V)**

Finally, the Village asks that the Court dismiss Steven's *respondeat superior* and indemnification claims on the grounds that no underlying claims remain to support them. Initially, courts cannot hold a municipality liable under § 1983 on a *respondeat superior* theory. *Milestone v. City of Monroe, Wis.*, 665 F.3d 774, 780 (7th Cir. 2011). Because Steven has not alleged any state law claims against Metcalf, the Court dismisses the *respondeat superior* claim. Additionally, because the Court has dismissed all of Steven's claims against Metcalf, the Court dismisses his claim for indemnification.

**CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss [10]. The Court dismisses the illegal seizure, illegal detention, *respondeat superior*, and indemnification claims (Counts I, II, IV, and V) without prejudice.

Dated: March 9, 2020

SARA L. ELLIS
United States District Judge